INTERNATIONAL FOOD & BEVERAGE SYSTEMS, a Florida partnership, Plaintiff,

v.

CITY OF FORT LAUDERDALE, a Florida municipal corporation, Defendant.

No. 85–6527–CIV.

United States District Court, S.D. Florida, N.D.

June 16, 1987.

Richard Wilson, Fort Lauderdale, Fla., for plaintiff.

Lindsey Payne, Asst. City Atty., City of Fort Lauderdale, Fort Lauderdale, Fla., for defendant.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come on for rehearing on the motion of the plaintiff, International Food & Beverage Systems, to permanently enjoin the City of Fort Lauderdale, Florida (City) from enforcing Ordinances No. C–84–91 and C–84–100.

On August 9, 1985, this court relying in part on *Playtime Theatres, Inc. v. City of Renton,* 748 F.2d 527 (9th Cir.1984), *rev'd,* 475 U.S. 41, 106 S.Ct. 925, 89 L.Ed.2d 29 (1986), entered an order permanently enjoining the City from enforcing the two ordinances. The City sought, through the enforcement of these ordinances, to impose "place" or location restrictions on establishments which sell alcoholic beverages and provide nude entertainment to patrons (nude bars). *International Food & Beverage Systems v. City of Fort Lauderdale,* 614 F.Supp. 1517 (S.D.Fla.1985), *vacated and remanded,* 794 F.2d 1520 (11th Cir. 1986). This court found both ordinances to be unconstitutional as applied, under the First Amendment to the United States Constitution.

The City appealed the order of permanent injunction to the United States Court of Appeals for the Eleventh Circuit. Subsequent to the entry of the permanent injunction, and while this case was on appeal to the Eleventh Circuit, the United States Supreme Court decided the appeal in *City of Renton v. Playtime, Theatres, Inc.,* 475 U.S. 41, 106 S.Ct. 925, 89 L.Ed.2d 29 (1986), and reversed the Ninth Circuit. *Id.* at ——, 106 S.Ct. at 933. Upon finding that this court had relied on a judgment which was later reversed, the Eleventh Circuit vacated and remanded this cause for reconsideration in light of the Supreme Court decision in *Renton.* *See International Food & Beverage,* 794 F.2d at 1522.

In addition to remanding this cause for reconsideration in light of *Renton,* the Eleventh Circuit directed this court to consider recent changes in Florida law in the area of Twenty-first Amendment jurisprudence. At the time this court entered its order of permanent injunction, Eleventh Circuit case law counseled that municipalities in Florida did not possess the State's Twenty-first Amendment powers. *See Krueger v. City of Pensacola,* 759 F.2d 851, 854 (11th Cir.1985). Three weeks after this court entered the order of permanent injunction, the Florida Supreme Court decided *City of Daytona Beach v. Del Percio,* 476 So.2d 197 (Fla.1985). In *Del Percio,* the Florida Supreme Court determined that "Florida municipalities ... have the authority to exercise regulatory power of the twenty-first amendment...." *Id.* at

201. Also while this case was pending following remand, the Supreme Court of the United States on November 17, 1986, entered its *per curiam* summary disposition in City of *Newport v. Iacobucci*, —— U.S. ——, 107 S.Ct. 383, 93 L.Ed.2d 334 (1986) (per curiam).

In *Iacobucci*, the Supreme Court found that the combination of nude dancing and alcohol produced a constitutional synergy whereby the States acquired an increase in their general police power.

The Court quoting its earlier decision in *California v. LaRue*, 409 U.S. 109, 114, 93 S.Ct. 390, 395, 34 L.Ed.2d 342 (1972), held that:

> "While the States, vested as they are with general police power, require no specific grant of authority in the Federal Constitution to legislate with respect to matters traditionally within the scope of the police power, the broad sweep of the Twenty-first Amendment has been recognized as conferring something more than the normal state authority over public health, welfare and morals."

*Iacobucci*, —— U.S. at ——, 107 S.Ct. at 385 (quoting *LaRue*, 409 U.S. at 114, 93 S.Ct. at 395).

Seemingly then, the act of returning to the States that which was theirs originally somehow conferred upon them "something more than normal state authority"—whatever that is. *Id.*

It is clear that the Twenty-first Amendment returned a power to the States which the States had held for 132 years prior to the adoption of the Eighteenth Amendment. It remains unexplained, however, how the return of a power once held resulted in an increase of that power. This court is indeed puzzled as to how this increase in the general police powers came about. Would that the laws of physics were as flexible as the laws of the United States.

Although this cause was remanded for reconsideration in the light of *Renton*, the Supreme Court's "leap of faith" in both

*New York State Liquor Authority v. Bellanca*, 452 U.S. 714, 101 S.Ct. 2599, 69 L.Ed.2d 357 (per curiam) (1981), and *Iacobucci*, compels this court to shift the focus of its analysis from a First Amendment context to a Twenty-first Amendment general police power analysis.

Although this court fully agrees with Justice Stevens' learned, but lonely dissents in both *Bellanca*, 452 U.S. at 718–25, 101 S.Ct. at 2601–05, and *Iacobucci*, —— U.S. at ——, 107 S.Ct. at 386–89, it is now overwhelmingly clear that the First Amendment does not protect certain forms of expression including nude dancing in establishments serving alcoholic beverages.

So it goes.

The factual setting of this case has been throughly presented by this court in *International Food & Beverage*, 614 F.Supp. at 1517–22, and by the Eleventh Circuit in *International Food & Beverage*, 794 F.2d at 1522–25. The following facts are those deemed to be relevant to the case on rehearing following remand and in light of the present state of the law.

In October 1984, the City passed the first of the two ordinances at issue in this case. This ordinance provided in relevant part:

> (b) *No alcoholic beverage establishment permitting nudity is permitted:*
>
> (1) Within 750 feet of any residentially zoned ("R" districts) land;
>
> (2) Within 750 feet of any church, school, public park or playground; or
>
> (3) Within 750 feet of another alcoholic beverage establishment permitting nudity....

City of Fort Lauderdale Ordinance No. C–84–91 (emphasis added).[1]

Nearly two months later, in December 1984, the City amended the first ordinance and significantly expanded the zone of restrictions on alcoholic beverage establishments permitting nudity, by prohibiting nude bars within "750 feet of a parcel

---

1. City of Fort Lauderdale, Florida Ordinance No. C–84–91 is reprinted in full in *International*

*Food & Beverage*, 614 F.Supp. at 1522–23.

zoned *or used* for residential purposes." [2] *See International Food & Beverage,* 794 F.2d at 1523.

The plaintiff in this action, International Food & Beverage Systems, owns and operates nude bars throughout the State of Florida, and desired in 1985, to open the same type of bar in the City of Fort Lauderdale. *Id.* In furtherance of its goal, the plaintiff selected a site and leased and renovated a building. *Id.* The site selected and prepared by the plaintiff for its business was close to a residential zone and fell within the parameters of the City's ordinances. *Id.*

Prior to opening the bar, but after preparing the site, the plaintiff filed the instant action for declaratory and injunctive relief. The plaintiff has characterized its bar as one which serves alcoholic beverages and presents as its entertainment format, "nude or semi-nude female dancers." Plaintiff's Motion for Preliminary Injunction at 2.

## DISCUSSION

It is a long established principle "that a State has absolute power under the Twenty-first Amendment [3] to prohibit totally the sale of liquor within its boundaries." *Bellanca,* 452 U.S. at 715, 101 S.Ct. at 2600 (citing *Ziffrin, Inc. v. Reeves,* 308 U.S. 132, 138, 60 S.Ct. 163, 167, 84 L.Ed. 128 (1939)). It is equally undisputed "that a State has broad power under the Twenty-first Amendment to regulate the times, places and circumstances under which liquor may be sold." *Id.*

In 1972, in *LaRue,* 409 U.S. at 118, 93 S.Ct. at 397, the Supreme Court further delineated the extent of the States' power under the Twenty-first Amendment by concluding that the protections offered to nude dancing as a form of speech recognized under the First Amendment, are outweighed by the expansive power of the States under the Twenty-first Amendment.

The expansive power given to the States under the Twenty-first Amendment is broad enough to permit a State to ban nude dancing entirely when it occurs in conjunction with the sale of alcohol. *Id.; See also Doran v. Salem Inn, Inc.,* 422 U.S. 922, 932, 95 S.Ct. 2561, 2568, 45 L.Ed.2d 648 (1975).

The power of the States to circumscribe the sale of alcohol in conjunction with nudity may be delegated to the various units of state government within each State. *Iacobucci,* —— U.S. at ——, 107 S.Ct. at 385. Additionally, a State may, pursuant to the grant of power under the Twenty-first Amendment, delegate its power to the lower units of state government any way it "see[s] fit." *Id.* In application, this means that the delegation of power under the Twenty-first Amendment may be fractionalized, so that one state governmental unit may be given authority to issue and revoke licenses, while yet a different unit of state government may be given authority to "regulate the circumstances under which liquor may be sold." *Id.*

In Florida, pursuant to state law, the licensing of the sale of intoxicating beverages is conducted by the Division of Alcoholic Beverages and Tobacco. Fla.Stat. §§ 561.01–.68 (1987). The Florida Supreme Court, however, has now determined that municipalities in Florida "have the authority to exercise the regulatory power of the twenty-first amendment...." *Del Percio,* 476 So.2d at 201. Under the Florida Constitution, cities in Florida possess the power to:

"[E]xercise any power for *municipal purposes* except those otherwise provided by law." Art. VIII § 2(b), Fla. Const. " 'Municipal purpose' means any activity or power which may be exercised by the state or its political subdivisions." § 166.021(2) Fla.Stat. (1983). "[T]he legislative body of each municipality has the

2. City of Fort Lauderdale, Florida Ordinance No. C–84–100 is reprinted in full In *International Food & Beverage,* 614 F.Supp. at 1523–24.

3. The Twenty-first Amendment provides in relevant part: "The transportation or importation

into any State, Territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the law thereof, is hereby prohibited."

power to enact legislation concerning *any subject matter upon which the state Legislature may act,* except: ... (c) Any subject expressly preempted to state or county government by the constitution or by general law." § 166.-021(3). *The Florida Constitution and the statutes thus imbue the City with the state's full police powers, including those under the twenty-first amendment, except those powers expressly preempted.*

*There is no express preemption of the power to regulate behavior in bars. The fact that the power to ban liquor sales has been preempted by the local option provision of article VIII, section 5, Florida Constitution, does not mean that the regulatory police powers derived from the power to ban are also preempted. See City of Miami v. Kayfetz,* 92 So.2d 798 (Fla.1957).

*Id.* (emphasis added in part).[4]

That *Del Percio* was decided prior to the decision of the United States Supreme Court in *Iacobucci,* — U.S. at —, 107 S.Ct. at 383, does not undermine *Del Percio's* authority as to matters of Florida law. Moreover, the holding of *Del Percio* is consistent with the position later enunciated by the United States Supreme Court in *Iacobucci.* In *Iacobucci,* the Court was presented with a delegation of authority scheme under the Twenty-first Amendment which was in many respects similar to the situation in Florida. The scheme at issue in *Iacobucci,* — U.S. at —, 107 S.Ct. at 384, was one in effect in the State of Kentucky. In Kentucky, as in Florida, the Kentucky Constitution provided that local elections would govern the sale of "spiritu-

ous, vinous or malt liquors." *Id.* at —, 107 S.Ct. at 384.[5]

The Sixth Circuit on the appeal of *Iacobucci,* held that because "a Kentucky city cannot ban the sale of alcohol without election approval, ... it [a city] cannot regulate nude dancing in bars." *Id.* at —, 107 S.Ct. at 385. The United States Supreme Court rejected this reasoning, reversed the Sixth Circuit on this ground and remanded the case for consideration of whether, as a matter of state law, cities in Kentucky had been delegated the authority to regulate the circumstances surrounding the sale of alcohol under the Twenty-first Amendment. *Id.* at —, n. 6, —, 107 S.Ct. at 385 n. 6, 386.

On review, the Supreme Court concluded that "[t]here is certainly no constitutional requirement that the same governmental unit must grant liquor licenses, revoke licenses, and regulate the circumstances under which liquor may be sold." *Id.* at —, 107 S.Ct. at 385. Thus, as a matter of federal constitutional law, the State may delegate its power under the Twenty-first Amendment as it wishes and whether such delegation has occurred is a matter left to the State to determine.

The Florida Supreme Court in *Del Percio,* has settled the question surrounding delegation of the State's Twenty-first Amendment powers to the cities. *See Lanier v. City of Newton,* 807 F.2d 922, 924 (11th Cir.1987) (obiter dictum). Cities in Florida may, as a matter of Florida law, "regulate behavior in bars." *Del Percio,* 476 So.2d at 197. Such regulation may extend so far as to ban nude bars altogeth-

4. The "local option provision" of Article VIII § 5 of the Florida Constitution provides:
   Local option on the legality or prohibition of the sale of intoxicating liquors, wines or beers shall be preserved to each county. The status of a county with respect thereto shall be changed only by vote of the electors in a special election called upon of the voters of the county, and not sooner than two years after an earlier election on the same question. Where legal, the sale of intoxicating liquors, wines and beers shall be regulated by law.

5. The Kentucky Constitution, § 61, provides:

The General Assembly shall, by general law, provide a means whereby the sense of the people of any county, city, town, district or precinct may be taken, as to whether or not spirituous, vinous or malt liquors shall be sold, bartered or loaned therein, or the sale thereof regulated. But nothing herein shall be construed to interfere with or to repeal any law in force relating to the sale or gift of such liquors. All elections on this question may be held on a day other than the regular election days.

er. *Id.* at 201.[6] It follows then that municipalities may, if they so choose, restrict the location and number of establishments which serve alcoholic beverages in conjunction with the presentation of nude entertainment. See *Bellanca,* 452 U.S. at 715, 101 S.Ct. at 2600 (regulation of "times, places and circumstances under which liquor may be sold," is permissible under the Twenty-first Amendment).

In the instant action the City has chosen a stricture less severe than the imposition of a total ban on nude bars and has chosen instead to regulate and limit the number of nude bars within the City's boundaries. That the City has elected to curtail the number and location of nude bars through the enactment of a zoning ordinance is not objectionable, from a Twenty-first Amendment standpoint. *Iacobucci,* —— U.S. at ——, 107 S.Ct. at 383; *Bellanca,* 452 U.S. at 715, 101 S.Ct. at 2600.[7]

The ordinances at issue in this action are distinguishable from ordinances which place restrictions on the time, place and manner of nude dancing in establishments which do not serve alcohol. Ordinances which restrict nude dancing as a form of speech, absent any connection with the serving of alcohol, are subject to attack on First Amendment grounds. *See eg., Renton,* 475 U.S. at ——, 106 S.Ct. at 925; *Young v. American Mini Theatres, Inc.,* 427 U.S. 50, 96 S.Ct. 2440, 49 L.Ed.2d 310 (1976). The conjunction of nudity with alcohol frames the issues differently. *Bellanca,* 452 U.S. at 715–16, 101 S.Ct. at 2600. As previously noted, in the wake of the Florida Supreme Court decision in *Del Percio,* and the United States Supreme

Court decision in *Iacobucci,* this case may no longer be analyzed as a case arising solely under the First Amendment.

The delegation of the State of Florida's powers or a portion of its powers to the City, under the Twenty-first Amendment, has greatly broadened the scope of the City's power to regulate nude dancing in bars. *Iacobucci,* —— U.S. at ——, 107 S.Ct. at 386. In the preamble to the first ordinance, Ordinance No. C–84–91, the City has determined that "the occurrence of nudity in alcoholic beverage establishments in close proximity to residential areas, churches, schools, parks and playgrounds has a detrimental effect on such uses, and that the location of such establishments in close proximity to each other has a detrimental effect on the surrounding neighborhood." *See Supra* n. 1. The City further found that "to preserve public peace and good order, the integrity of residential neighborhoods and other sensitive land uses, it is necessary and advisable to regulate the location of alcoholic beverage establishments permitting nudity." *Id.* These purposes do not extend beyond the power accorded to the States under the Twenty-first Amendment. *Iacobucci,* —— U.S. at ——, 107 S.Ct. at 386.

Finally, it cannot be said that the ordinances constitute an act of "total irrationality or invideous discrimination" on the part of the City. *LaRue,* 409 U.S. at 120 n. *, 93 S.Ct at 398 n. * (Stewart J., concurring), *cited with approval in Iacobucci,* —— U.S. at ——, 107 S.Ct. at 383 n. 5. In regulating the location and number of nude bars within its boundaries, the City has not

---

**6.** Many of the ordinances considered already by courts have provided for outright bans as well as civil and criminal penalties. *See eg., Iacobucci,* —— U.S. at ——, 107 S.Ct. at 383 (ban plus civil and criminal penalties); *Bellanca,* 452 U.S. at 715, 101 S.Ct. at 2600 (ban plus civil penalty).

**7.** *See LaRue,* 409 U.S. at 120, 93 S.Ct. at 398 (Stewart J., concurring):

"[N]obody would question the power of California to prevent the sale of liquor by the drink in places where food is not served, or where dancing is permitted, or where gasoline is sold. But here California has provided that liquor by the drink shall not be sold in places where certain grossly sexual exhibitions are per-

formed; and that action by the State say the appellees, violates the First and Fourteenth Amendments. I cannot agree.

Every State is prohibited by these same Amendments from invading the freedom of the press and from impinging upon the free exercise of religion. But does this mean that a State cannot provide that liquor shall not be sold in bookstores, or within 200 feet of a church? I think not. For the State would not thereby be interfering with the First Amendment business of the bookstore. It would simply be controlling the distribution of liquor, as it has every right to do under the Twenty-First Amendment."

banned or even restricted nude dancing, except where such dancing intersects with the sale of alcohol. For the reasons set forth above, such regulation is permissible under the Twenty-first Amendment. Accordingly, it is hereby

ORDERED AND ADJUDGED as follows:

1. That the motion of the plaintiff, International Food & Beverage Systems, for permanent injunction, be and the same, is DENIED.

2. That the preliminary injunction entered by this court on November 17, 1986, be and the same, is DISSOLVED.

3. That this cause, be and the same, is hereby DISMISSED, and judgment is hereby entered on behalf of the defendant, City of Fort Lauderdale, and against the plaintiff.

4. Costs will be taxed against the plaintiff upon appropriate application.