The issue in this appeal is whether or not appellant Virginia Swann was denied equal *Page 953 
protection of the laws when the City of Graysville refused to issue her a license for the sale of table wine and beer for off-premises consumption.
Mrs. Swann originally applied to Graysville for a retail off-premises beer and wine license on 1 July 1977. On 19 July the application was withdrawn. On 26 July it was resubmitted. On 2 August, Ordinance No. 322 was adopted by the City of Graysville:
 "City Council of the City of Graysville, Alabama, has determined that the regulation of retail businesses selling or dispensing malt or brewed beverages or wine is essential in order to provide for the safety, preserve the health, to promote prosperity to promote temperance and suppress intemperance and to improve the morals, order, comfort and convenience of the inhabitants of the City of Graysville, Alabama, and to that end enacts this ordinance:
 No retail business where malt, brewed beverages or wine are sold or dispensed, shall be located less than 500 feet of any church, school, school ground, public park or public playground. For the purposes of this ordinance, the term `church' shall be construed to include all the premises occupied by or utilized by the church and shall not be limited to the church building. For the purposes of this ordinance, ther [sic] term `school' shall be construed to include the entire premises on which the school buildings and facilities are located, including school athletic fields, play grounds and recreational areas. No privilege license to operate a retail business selling or dispensing malt, brewed beverages or wine shall be issued to any retail business which is located within the prescribed areas defined in this ordinance."
Thereafter, on 13 August, a public hearing was held by the City regarding Mrs. Swann's application; it was denied on 6 September. She obtained a license for the sale of beer and wine from the Alabama Alcoholic Beverage Control Board on 22 February 1978.
After the City of Graysville denied Mrs. Swann the license she sought, a petition for the writ of mandamus was filed by her against the City, Maurice West, its mayor, and Irene Matthews, its clerk. The alternative writ was issued, an answer filed, trial without a jury was had, and judgment denying Mrs. Swann relief was entered from which this appeal was taken.
The evidence discloses that at the time the regulatory ordinance was adopted, there were three licensees of the city purveying beer and wine within the prohibited distance from a church. Each of those licenses has been renewed or reissued since adoption of the ordinance.
Mrs. Swann contends that under this state of facts refusal to issue her a license because her place of business is located within the prohibited distance of a church denies her equal protection of the laws.
The City, its mayor, and its clerk contend that Mrs. Swann was properly refused a license because she had withdrawn her application and did not timely resubmit it and failed to give the correct address of her store in the application. Further, they say she was not denied equal protection because those licensed before adoption of the ordinance are entitled to renewal or reissuance of their licenses in spite of location of their businesses within the proscribed 500 feet.
We think it evident from the record that Mrs. Swann was refused a license on the basis that the proposed location of her business lay within the distance from a church prohibited by the ordinance. The lack of proper address in the application to the City, or the fact that the address was different from that contained in the license issued by the State, seems from examination of the record to be more of a rationalization of, rather, than a basis for, the refusal to issue her a license. From the record it *Page 954 
is quite clear that everyone concerned was aware of the actual location of the proposed business regardless of the street number by which it was designated. It is not at all clear that there were actually any numbers affixed to the structures on the street where the Swann building was located.
In the exercise of the police powers granted it by § 11-45-1, Code 1975, a municipality may regulate and control the sale of beer and wine. The State has not preempted this power of control and regulation. Norwood v. Capps, 278 Ala. 218,177 So.2d 324 (1965); Lawrence v. Gayle, 294 Ala. 91, 312 So.2d 385
(1975); USA Oil Corp. v. City of Lipscomb, 293 Ala. 103,300 So.2d 362 (1974); Paulson's Steerhead Restaurant v. Morgan,273 Ala. 235, 139 So.2d 330 (1962); State v. Centanne, 265 Ala. 35,89 So.2d 570 (1956); Capps v. Bozeman, 272 Ala. 249,130 So.2d 376 (1961). An ordinance such as that here involved is a proper exercise of the City of Graysville's power of control and regulation but that power may not be exercised in an arbitrary or discriminatory manner. To apply the ordinance dissimilarly to those similarly situated is a denial of equal protection of law. Mrs. Swann has been thus denied equal protection of law when refused a license in this case. See Harrison v. Buckhalt,364 So.2d 283 (Ala. 1978); City of Hueytown v. Jiffy Chek Co.,342 So.2d 761 (Ala. 1977). Permitting those licensed at the time Ordinance No. 322 was adopted to continue to sell intoxicating liquors, or beer and wine, while at the same time refusing Mrs. Swann a license, in the mistaken belief that it was required to both permit those already licensed to continue such sales as well as to renew their licenses, were the operative facts of denial of equal protection to Mrs. Swann. This court in USA Oil quoted with approval McQuillin, MunicipalCorporations, 3rd Ed., Vol. 6, § 24.172, p. 737:
 "`"* * * Such an ordinance [as No. 322] is constitutional as applied to those selling intoxicating liquors at the time and before its enactment as well as to those who thereafter commence the business. This is true because there are no vested rights against a due exercise of the police power, and, for that matter, there is no vested or inherent right to sell or otherwise traffic in intoxicating liquors * * *"'* * *"
We hold this to be the law of Alabama.
This case is reversed and remanded for rendition and entry of judgment not inconsistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, FAULKNER, ALMON and EMBRY, JJ., concur.