**Randall E. LANIER, Plaintiff-Appellant,**

v.

**CITY OF NEWTON, ALABAMA, etc., Chief of Police In His Official Capacity of the City of Newton, etc., Defendants-Appellees.**

No. 86–7331
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 14, 1987.

Joseph W. Adams, Ozark, Ala., for defendants-appellees.

Before RONEY, Chief Judge, HILL and KRAVITCH, Circuit Judges.

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF ALABAMA PURSUANT TO RULE 18 OF THE ALABAMA RULES OF APPELLATE PROCEDURE

TO THE SUPREME COURT OF ALABAMA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Eleventh Circuit that the above matter involves questions or propositions of law of the State of Alabama which may be determinative of the cause, and there appears to be no clear, controlling precedent in the decisions of the Supreme Court of Alabama. The United States Court of Appeals for the Eleventh Circuit therefore certifies the following questions of law of the State of Alabama to the Supreme Court of Alabama for instructions concerning such questions of law, based on the facts recited here.

I. STYLE OF THE CASE

The style of the case in which the certification is made is: RANDALL E. LANIER, Plaintiff-Appellant, versus CITY OF NEWTON, ALABAMA, etc., CHIEF OF POLICE IN HIS OFFICIAL CAPACITY OF THE CITY OF NEWTON, etc., Defendants-Appellees, No. 86–7331, United States Court of Appeals for the Eleventh Circuit, on appeal from the United States District Court for the Middle District of Alabama.

II. STATEMENT OF THE FACTS

Appellant Lanier brought the instant civil rights action under 42 U.S.C. §§ 1983, 1985 against both the City of Newton, Alabama (the City) and the Police Chief of Newton in his official capacity. Lanier sought injunctive and declaratory relief, damages and attorney's fees based on appellees' enforcement of Newton, Alabama City Ordinance No. 84–1 (the Ordinance). On motion from the appellees, the district court dismissed the action pursuant to Fed. R.Civ.P. 12(b)(6). The only facts in the record, therefore, are those presented by appellant in his complaint.

Appellant, a fifty-percent shareholder and president of Difference, Inc., d/b/a Pop-A-Top Lounge (the Lounge), as of November 4, 1983, alleges that the Lounge was operated in Newton, Alabama, as an establishment licensed to sell and serve alcoholic beverages for consumption on the premises. According to Lanier, the Lounge provided semi-nude, topless, dancing entertainment for approximately two years before he purchased it. Lanier contends that prior to his purchase of the Lounge no events occurred at the Lounge to justify prohibiting the entertainment

that the Lounge was providing. He asserts that in the time since he purchased the Lounge, it has been free of any violation of law.

According to Lanier, on January 16, 1984, one month after the Newton Town Council (the Council) approved his application for a liquor license with full knowledge that the Lounge provided topless dancing, the Council adopted Ordinance No. 84–1. The stated purpose of the Ordinance is to "prohibit sexual conduct and nudity in establishments dealing in alcoholic beverages and prohibit persons owning, maintaining or operating such establishments from permitting any such prohibited activity." Lanier claims that the Council passed the Ordinance despite the fact that the Council neither requested nor received any evidence that undesirable or criminal behavior occurs with especially great frequency on the premises of those liquor licensees who provide nude or topless entertainment.[1] Rather, according to Lanier, the Council passed the Ordinance in order to prohibit a non-obscene activity that the Council deemed to be immoral—a purpose that appellant contends is constitutionally impermissible.

Section 2 of the Ordinance specifically delineates what activities are prohibited. In particular, Section 2(b) provides that "[n]o female person shall expose to public view any portion of her breasts below the top of the areola or any simulation thereof in an establishment dealing in alcoholic beverages." Section 2(c) provides that "[n]o person maintaining, owning, or operating an establishment dealing in alcoholic beverages shall suffer or permit any person to expose to public view his or her cleavage or simulation thereof within establishments dealing in alcoholic beverag-

es." Lanier claims that neither of these activities nor any other activity prohibited under the Ordinance have been determined to be obscene.

Under the Ordinance, any person maintaining, owning or operating an establishment licensed to sell alcohol may be fined or imprisoned for six months if activity prohibited under the Ordinance occurs. Lanier alleges that the Ordinance has been enforced since the date of its adoption by the Newton City Chief of Police. Lanier contends that as a result of the threat of prosecution under the Ordinance he was forced to close the Lounge, a formerly successful, profitable, on-going business. This caused him to suffer severe financial damage.

Lanier filed a civil rights action in federal district court against the City of Newton and its Chief of Police, in his official capacity, challenging the Ordinance on the grounds that: (1) the Ordinance infringes on Lanier's first amendment rights to exhibit protected entertainment to the consenting adult public and (2) the Ordinance is vague and overbroad. Lanier claims that the Ordinance does not serve its stated purpose of protecting public health, safety and welfare and/or reducing criminal activity. Moreover, he asserts that even if the Ordinance did serve these goals it would be invalid because the restriction on first amendment freedoms is broader than is necessary.[2]

The district court dismissed the action pursuant to Fed.R.Civ.P. 12(b)(6), both initially and on rehearing, on the ground that under the twenty-first amendment the Ordinance was a valid municipal regulation of etablishments licensed to serve alcohol. *Cf. New York State Liquor Authority v. Bellanca,* 452 U.S. 714, 715, 101 S.Ct. 2599,

---

1. Given that this is an appeal from the granting of a 12(b)(6) motion to dismiss, we shall for now accept this claim as true. The Ordinance states that:

    the Newton Town Council is of the *opinion* that nudity and sexual conduct and the depiction thereof, coupled with alcohol in public places, encourages undesirable behavior and is not in the interests of the public health, safety, and welfare and that such undesirable

behavior occurs in and around establishments dealing in alcoholic beverages where nude and sexual conduct and depiction thereof is permitted. (emphasis added).

2. Lanier asserts that zoning and licensing of employees and entertainers would be alternative, less restrictive, methods of addressing any legitimate concerns of the Council.

2600, 69 L.Ed.2d 357 (1981) (per curiam) (a state has power under the twenty-first amendment to ban the sale of liquor on premises where topless dancing occurs). The court based this holding on its conclusions that the State of Alabama has delegated its twenty-first amendment power to the municipalities, *but cf. Krueger v. City of Pensacola*, 759 F.2d 851, 854–55 (11th Cir.1985), and that the State of Alabama has not preempted municipalities' power to regulate and control the sale of beer and wine in this fashion. *See Swann v. City of Graysville*, 367 So.2d 952, 954 (Ala.1979). The court found that the basis for municipalities' power to regulate alcoholic beverages can be found not only in the Alabama Code, *see* Ala.Code §§ 28–2–1, 28–2A–1, 28–3A–11 to –13 (1975 and Supp. 1985), but also in the Alabama Constitution, as interpreted by the Alabama courts.

## III. STATEMENT OF THE ISSUES

Clarification of Alabama law is needed on the issues of (1) whether the State has delegated its twenty-first amendment power to the municipalities, in particular, to the Town Council of the City of Newton, (2) whether the State of Alabama has preempted the field of regulation of entertainment on the premises of liquor licensees, and (3) whether the Ordinance is inconsistent with Alabama law, in particular with Ala.Code § 28–3A–11 and Alabama Alcoholic Beverage Control Board (ABC) Rule and Regulation 20–X–6–.12.

### A. Twenty-First Amendment Power

Appellant contends that the State of Alabama has not delegated sufficient twenty-first amendment authority to the municipalities to enable them to regulate what activities may occur in liquor licensees' establishments. This court requests that the Alabama Supreme Court address this issue in order to avoid the situation that arose in *Krueger v. City of Pensacola*, 759 F.2d 851, 854 (11th Cir.1985), where we invalidated a similar municipal ordinance, relying on our finding that Florida had not delegated its twenty-first amendment authority to municipalities, only to have the Florida Supreme Court rule shortly thereafter that municipalities and counties do have the authority to exercise the regulatory power of the twenty-first amendment. *City of Daytona Beach v. Del Percio*, 476 So.2d 197, 201 (Fla.1985). Given that to our knowledge the Alabama Supreme Court has not specifically addressed the issue of whether the State of Alabama has delegated its twenty-first amendment power to the municipalities,[3] we certify this issue to the Alabama Supreme Court rather than decide the issue ourselves by attempting to second-guess the Alabama Supreme Court. Should the Alabama Supreme Court decide that the City does have this authority, then we ask the court to address the question of whether, under state law, the Town Council may regulate liquor licensees' establishments in this manner without the express approval of the electorate. *See City of*

---

**3.** The district court concluded that the State of Alabama has delegated all of its twenty-first amendment powers to the municipalities on the ground that Alabama allows municipalities to exercise the same regulatory power as the State. Title 28 of the Alabama Code, however, vests the Alabama Alcoholic Beverage Control Board with extensive regulatory authority that it does not vest elsewhere. Furthermore, although the Code grants a substantial amount of authority to municipalities to regulate establishments licensed to sell liquor, this authority generally is limited to the ability to grant or to deny liquor licenses. *See, e.g.,* Ala.Code § 28–3A–11 to –13. We find that there is at best ambiguous support in the Code for the regulation by a municipality of what activities may take place in such establishments. *See* Ala.Code § 28–3A–11. More-

over, we find no clear authority in the Code to support the imposition by a municipality of municipality-devised fines and jail sentences for the violation of a municipal ordinance regulating what activities may be pursued in establishments licensed to serve liquor. Appellees claim, however, that in addition to delegating authority in Title 28, the State also delegated the necessary authority to enact the Ordinance in question when it specifically delegated to municipalities the full measure of its police power under Ala.Code § 11–45–1. *But see Krueger*, 759 F.2d at 854–55 (suggesting that a delegation of police power is not the equivalent of a delegation of twenty-first amendment authority). We leave the resolution of these issues to the Alabama Supreme Court.

*Newport, Kentucky v. Iacobucci,* —— U.S. ——, 107 S.Ct. 383, 385–86 & n. 6, 93 L.Ed.2d 334 (1986).

### B. State Preemption

Appellant claims that, even if municipalities do have the State's twenty-first amendment authority, in both Title 28 and in the Alabama Alcoholic Beverage Control Board's regulations the State of Alabama preempted the field of regulating topless dancing and similar activities in establishments licensed to serve alcohol. The district court concluded that this argument is meritless on the ground that the Alabama Supreme Court in *Swann v. City of Graysville,* 367 So.2d 952, 954 (Ala.1979), held that the State has not preempted municipalities' power to regulate and control the sale of beer and wine.

We do not find that *Swann* controls the result in this case. In *Swann,* the Alabama Supreme Court found that municipalities have been given an express statutory grant of authority to regulate the sale of beer and wine and that this authority includes the power to pass a statute forbidding the sale of beer and wine within 500 feet of a church, school ground, public park or public playground. 367 So.2d at 954. However, although under *Swann,* 367 So.2d at 954, and *Ott v. Everett,* 420 So.2d 258, 260 (Ala.1982), a municipality has authority to deny retail liquor licenses for a wide variety of reasons so long as it does not act arbitrarily or discriminatorily, there is no clear language in either these cases, or in the Alabama Code, on whether the State has preempted the field of regulating what activities may occur in a liquor licensee's establishment once a municipality has licensed it.

### C. Validity of the Ordinance

If the Alabama Supreme Court concludes that the State did not preempt the City's alleged power to regulate what activities may occur in liquor licensees' establishments, then the third issue for certification arises: whether the Ordinance in question, in particular the prohibition on topless dancing, is a valid exercise of that power or whether it is inconsistent with the Alabama statutory and regulatory scheme governing such establishments. The Alabama Code expressly states that once a liquor license has been granted, the liquor licensee may permit dancing or provide any other lawful entertainment on the licensed premises. Ala.Code § 28–3A–11. One possible interpretation of this Section is that the term "lawful entertainment" means lawful in general, not simply lawful in liquor licensees' establishments. Under this interpretation, a municipality could declare that a particular type of activity is unlawful in general, with the result that the activity also would be unlawful in establishments that serve liquor, but it could not specifically prohibit otherwise lawful activities in liquor licensees' establishments. Therefore, the resolution of the third issue may depend in part on whether the Alabama Supreme Court concludes that the Alabama State Legislature intended the term "lawful" to include municipal ordinances that specifically regulate what activities are permissible in liquor licensees' establishments. The validity of the Ordinance also will depend on whether the Alabama Supreme Court determines that it is consistent with the Alabama statutory and regulatory scheme governing liquor licensees for a municipality to impose fines and jail sentences as penalties for violating an ordinance regulating such establishments or whether the court concludes that municipalities are restricted to denying or revoking the liquor license of any establishment that permits forbidden activity.

### IV. QUESTIONS TO BE CERTIFIED TO THE SUPREME COURT OF ALABAMA

1. Has the State of Alabama delegated its twenty-first amendment power to the municipalities to a sufficient extent to enable the City of Newton to enact Ordinance 84-1? If so, does the City of Newton Town Council have this power?

2. If the answers to both parts of question (1) are yes, then has the State of

Alabama preempted the field of regulating what activities may occur in establishments licensed to serve liquor?

3. If the answer to question (2) is no, then is Ordinance 84–1 inconsistent with State law, in particular with Ala.Code § 28–3A–11 and with Alabama ABC Rule and Regulation 20–X–6–.12, because, for example, the Ordinance prohibits activities permitted under State law or because the municipality is imposing fines and jail sentences not provided for under State law?

The phrasing employed in the above certified questions is intended as a guide and is not meant to restrict the Alabama Supreme Court's consideration of the issues in its analysis of the record certified in this case. This extends to the Supreme Court's restatement of the issue and the manner in which the answer is given. *See Martinez v. Rodriquez*, 394 F.2d 156, 159 n. 6. (5th Cir.1968).

The clerk of this court is directed to transmit this certificate, as well as the briefs and record filed with the court, to the Supreme Court of Alabama and simultaneously to transmit copies of the certificate to the attorneys for the parties.

QUESTIONS CERTIFIED.