The plaintiffs, Harold L. Smith and Mavis L. Smith, appeal from a summary judgment in favor of all defendants. We affirm.
In 1979 the Smiths purchased a new house in Brentwood Estates, a subdivision located in Gardendale, Alabama. The subdivision was developed by J.H. Berry Realty Company, Inc. (Berry Realty), and the house purchased by the Smiths was built and owned by Berry Realty. The Smiths first looked at the house in February 1979. They inspected the house and lot on several occasions prior to executing an offer to purchase the house on February 11, 1979. The closing was held on April 3, 1979.
Prior to the closing date, the Smiths had indicated concern over the closeness of the lot line and fence to the rear of the house, and they asked representatives of the developer and the real estate agent about it. In addition, Mr. Smith contacted the Gardendale building inspector in an effort to determine whether there was a violation of any city ordinance regarding the way the house was situated on the lot.
After purchasing the house, the Smiths continued to make inquiries, ultimately learning that the Gardendale ordinance contains a section requiring a rear yard of not less than forty feet. The survey of the house and lot, which the Smiths received at the closing, reflected the distance from the house to the rear lot lines to vary from 18.6 feet to 46.9 feet. In a letter dated July 25, 1979, William Noble, mayor of Gardendale, responded to Mr. Smith as follows:
 "It appears that your house is located less than the required rear set back line. According to the Building Inspector, this deficiency became obvious to him during the construction of the house on Lot 16; at which time a fence was constructed along the lot line. At the time that your house was built, measurements were made along what was believed to be the surveyed lot line and the house as proposed to be constructed would have met the set back requirements. However, the error was made in measuring from the wrong rear lot line to the proposed structure."
Mr. Smith acknowledged receipt of Noble's letter in a letter to Noble dated July 28, 1979.
The Smiths filed a complaint on August 12, 1985, naming as defendants the City of Gardendale; William Noble, mayor of Gardendale; George Malone, building inspector of Gardendale; Berry Realty; James Brooks, president of Berry Realty; Jennings Barganier, construction foreman for Brentwood Estates subdivision; Charlotte Johnson, a real estate agent employed by Berry Realty; and Harvey Birch, construction foreman for Berry Realty.
The complaint alleged that the actions of the defendants were violative of 42 U.S.C. § 1983 and § 1985. The Smiths claim that the defendants participated in a conspiracy and agreement between themselves for the purpose of obstructing and defeating justice and denying equal protection under the law to the Smiths. Specifically, the Smiths allege that the house which they purchased was approved and constructed in violation of the requirement of the Gardendale zoning code because the rear yard does not contain 40 feet. The Smiths claim that the City of Gardendale and the building inspector have continued to issue building permits in violation of the zoning ordinance in conspiracy with the other defendants. In addition, the complaint alleged that the defendants have allowed other construction to proceed in violation of zoning ordinances, and that they have participated in securing variances without meeting ordinance requirements.
In the order granting summary judgment for the defendants, the trial court noted that all defendants took the position that the claims set out by the Smiths are time-barred. The Smiths contend that the statute of limitations applicable to their *Page 252 
§ 1983 claim is six years, as provided by Ala. Code 1975, § 6-2-34(1). They rely upon Jones v. Preuit Mauldin, 763 F.2d 1250 (11th Cir. 1985), in which the United States Court of Appeals for the Eleventh Circuit concluded:
 "[O]n the basis of Congressional intent and the Supreme Court's opinion in Wilson v. Garcia, [471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)], . . . a Section 1983 claim should be characterized as a personal injury action along the lines of a trespass. Therefore, federal courts in Alabama will borrow the length of the limitations period as found in ALA. CODE § 6-2-34(1) (1975), together with the proper state law treatment of related questions of tolling and application."
763 F.2d at 1256.
According to the Smiths' argument, the application of the six-year statute of limitations in § 1983 actions by federal courts in Alabama is binding on the state courts in Alabama. Citing Central of Georgia Ry. v. Ramsey,275 Ala. 7, 151 So.2d 725 (1962), as authority, the Smiths contend that because they seek relief under a federal statute, the statute and federal decisions construing it determine the time for bringing the action, with any state law to the contrary having no application.
In this case, however, we need not address any differences that may exist in the characterization of § 1983 claims for statute of limitations purposes by federal courts and state courts in Alabama. The determining factor in this case involves when the Smiths' cause of action accrued.
As stated in Stewart v. City of Northport,425 So.2d 1119, 1122 (Ala. 1983):
 "The standard governing accrual of a cause of action under § 1983 is when a plaintiff 'knows or has reason to know of the injury which is the basis of the action.' Rubin v. O'Koren, 621 F.2d 114, 116 (5th Cir. 1980), citing Lavellee v. Listi, 611 F.2d 1129, 1131
(5th Cir. 1980). The United States Supreme Court, discussing the accrual of a cause of action under Federal law, stated in Delaware State College v. Ricks, 449 U.S. 250, 258, 101 S.Ct. 498, 504, 66 L.Ed.2d 431, 440 (1980), that '[t]he proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful,' quoting Abramson v. University of Hawaii, 594 F.2d 202, 209 (9th Cir. 1979)."
The Smiths knew or had reason to know of their injury, which is the basis of this action, at least as early as July 28, 1979, the date on which Mr. Smith acknowledged receipt of the mayor's letter notifying Mr. Smith that "[i]t appears that your house is located less than the required rear set back line."
Reviewing the facts in the light most favorable to the Smiths, as we are required to do, we are of the opinion that the Smiths filed this action more than six years from the time their alleged cause of action accrued. Their claim would be barred even by the six-year statute of limitations that they contend is applicable in this case.
Our review of a summary judgment is subject to an often-stated standard.
 "Summary judgment shall be granted if the pleadings, depositions, interrogatory answers, or affidavits submitted show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P. The court must view the evidence and all reasonable inferences to be drawn from the evidence in the light most favorable to the non-moving party. Ray v. Montgomery, 399 So.2d 230, 232 (Ala. 1980)."
Sanders v. White, 476 So.2d 84, 85 (Ala. 1985). Having reviewed the record, including the pleadings, depositions, and affidavits that were before the trial judge, we find no genuine issue of material fact with respect to the Smiths' claim. The trial court properly granted summary judgment in favor of the defendants.
AFFIRMED.
JONES, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur. *Page 253