HORNSBY, Chief Justice.
Ok Sun Christensen applied to the Enterprise city council for a liquor license. Her application was denied, and she petitioned the circuit court for the issuance of a writ of mandamus. That court declined to issue the writ, and Christensen appealed. For reasons set forth below, we affirm.
Christensen owns the Bamboo House restaurant on Fort Rucker Boulevard in Enterprise. Adjacent to the restaurant, on the corner of Fort Rucker Boulevard and Heritage Boulevard, is the site where Christensen seeks to open a lounge. Behind and adjacent to the land upon which these structures sit is the Heritage Heights subdivision, into which Heritage Boulevard is the sole entrance. Across Heritage Boulevard from the proposed lounge is the Heritage United Methodist Church.
Christensen’s application for a liquor license states that the structure intended for use as a lounge has 40 available parking spaces and a total area of 3000 square feet. The actual area of the lounge portion of the structure is approximately 2150 square feet, the remainder consisting primarily of office and kitchen space. In order to quali *13 fy for a lounge liquor license, the Enterprise municipal code prescribes that the lounge have five parking spaces per 100 square feet, or, insofar as the subject lounge is concerned, approximately 107 parking spaces. Christensen adduced testimony that, in addition to 15 spaces directly in front of the lounge, either 101 or 109 parking spaces, depending on their width, could be constructed behind the lounge.[1] The director,of the City’s department of engineering, however, testified that only about 50 spaces of the dimensions prescribed by the municipal code would be available on the property behind the lounge.
There is evidence in the record that Christensen’s liquor license application, when pending before the city council, was a matter of great concern and debate among those who lived near the proposed lounge.[2] Residents of the Heritage Heights subdivision voiced concern over the potential for noise and disruption lasting until, and, perhaps, after, the 2:00 a.m. closing time, the dangers caused by patrons driving into and out of the lounge parking lot and the concomitant burden on the traffic flow, and the general undesirability of having a lounge so near their homes. The Heritage United Methodist Church presented the council with a petition signed by 600 of its congregation opposed to the approval of the application. (The council considered the church as but one landowner.)
With the foregoing factual predicate, we turn to the sole issue presented on appeal: Did the city council arbitrarily reject Christensen’s application for a liquor license? Cf. Black v. Pike County Commission, 375 So.2d 255, 256 (Ala.1979) (Black II) (commission’s decision can be reversed if it acted arbitrarily). We hold that it did not.
Where a municipality “has no criteria, written or unwritten, for deciding whether a person is qualified to obtain the ... approval [required] for a restaurant liquor license,” that is evidence of arbitrariness. Black v. Pike County Commission, 360 So.2d 303, 304 (Ala.1978) (Black I). Or, if a “City withheld its approval of all applications for the sale of liquor by the drink within the City for the sole purpose of keeping the City ‘dry,’ ” that is evidence of arbitrariness. Inn of Oxford, Inc. v. City of Oxford, 366 So.2d 690, 692 (Ala.1978). And, if a city enacts an ordinance so that no retail establishments may sell liquor within a prescribed distance from a church or school, but nevertheless “grandfathers” establishments that did such business within the prohibited distance prior to the enactment of the ordinance by renewing their applications, that dissimilarity of treatment is evidence of arbitrariness. Swann v. City of Graysville, 367 So.2d 952 (Ala.1979).
In the present case, no evidence of arbitrariness has been presented, and Christensen has failed to carry her burden of proof. See Black I, supra, 360 So.2d at 306. Rather, the record reflects that the city council reviews applications on a case by case basis in light of established criteria and in consideration of those most likely to be affected by its decision. Furthermore, the record reflects that the council did exactly that in the present case. Under the facts of this case, we conclude that the city council of the City of Enterprise did not act arbitrarily.
Accordingly, the judgment of the circuit court is affirmed.
AFFIRMED.
MADDOX, ALMON, ADAMS and STEAGALL, JJ., concur.

. Although it is unclear from the record, it appears that some, if not all, of this space behind the lounge able to be adapted for parking purposes is actually behind the adjacent restaurant, and thus is not encompassed by the property listed on the application. Moreover, there is an inference that septic tanks below that ground render it unsuitable for parking. We need not, however, rely solely on these uncertainties to reach our conclusion.

. The municipal code requires the city council, in rendering a decision on each application, to consider, inter alia, "[t]he wishes and desires of the residents, real property owners, and businesses within five hundred (500) feet of the property for which a license is sought."