Randy and Alice Bratton appeal from a summary judgment for the City of Florence in their action against the City seeking damages pursuant to 42 U.S.C. § 1983. The Brattons argue that the City violated their rights to equal protection of the law when it denied them permission to build an apartment complex. They argue that the zoning ordinance is unconstitutional because, they say, it delegates unbridled discretion to the Planning Commission, and they further argue that the Commission and the City Council acted arbitrarily and capriciously in denying their building permit.
The Brattons purchased land in Florence located in an "R-2" zone, which allows construction of apartments. Apartment complexes bordered the Brattons' property on both the north and the south. At the time of the purchase, City officials told the Brattons that they would be able to proceed with their plan to build a seven-unit townhouse complex on the property. While the Brattons' application for a building permit was pending, the City of Florence adopted an ordinance creating an "R-D" (redevelopment) zone, which required approval from the Planning Commission for building any structure other than a single-family residence. The ordinance specified that the Planning Commission, before *Page 234 
granting approval, was to consider what was
 "appropriate with regard to transportation and access, water supply, waste disposal, fire and police protection, and other public facilities, as not causing undue traffic congestion or creating a traffic hazard, and as being in harmony with the orderly and appropriate development of the district in which the use is located."
The Brattons' property was within this R-D zone, and the Planning Commission denied their application by a 5-4 vote. While the R-D zone was in effect, the Planning Commission approved a 20- to 30-unit apartment complex located in the R-D zone and on the same street as the Brattons' proposed building. This approved complex also had apartments on both its north and south sides. City Councilman Dick Jordan testified in deposition that the council had feared that the Brattons' proposed development would cause traffic congestion, but he said that the larger complex did not pose such a problem, despite the fact that the two projects were located on the same street. Councilman Jordan did not attempt to distinguish between the Brattons' project and the larger projects on any of the other considerations set out in the R-D ordinance.
On March 16, 1994, the Brattons filed a complaint alleging that the ordinance unconstitutionally gave the Planning Commission unbridled discretion to approve or disapprove projects. The Brattons also claimed that the City of Florence had acted arbitrarily and capriciously in denying their building permit and thus had denied them equal protection. They amended the complaint on August 31, 1994, to add a claim based on the "Takings Clause" of the Fifth Amendment and a state law claim that they had a vested right in the continuation of the previous zoning classification. Those subsequent claims have not been raised or argued on this appeal. On January 3, 1995, the Brattons moved for a partial summary judgment on the issue of the constitutionality of the ordinance. The City opposed the motion and moved for a summary judgment. After the parties had filed briefs in support of and in opposition to the motions, the circuit court entered an order, on January 12, 1996, denying the Brattons' motion for a partial summary judgment and granting the City's motion for a summary judgment.
The threshold issue, that of the constitutionality of the ordinance vesting the Planning Commission with discretion to approve proposed building projects, is not properly before this Court because the Brattons did not notify the attorney general's office of their challenge to the constitutionality of the ordinance. See Armstrong v. Roger's Outdoor Sports, Inc.,581 So.2d 414 (Ala. 1990). Section 6-6-227, Ala. Code 1975, provides that the attorney general shall be made a party when a state statute or a municipal ordinance is challenged on constitutional grounds. If the notice is not given, the courts will not have jurisdiction to resolve any claims based on the challenge to the constitutionality of the statute or ordinance.Fairhope Single Tax Corp. v. Rezner, 527 So.2d 1232 (Ala. 1987).
Any challenge to the constitutionality of this ordinance notwithstanding, if the commission has exercised its discretion in an arbitrary, capricious, or discriminatory manner, then the Brattons may have been denied equal protection of the law.Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570 (11th Cir. 1989). In Greenbriar, the Court of Appeals for the Eleventh Circuit specifically authorized the use of 42 U.S.C. § 1983 as a remedy for violations of any constitutional rights, including the right to equal protection of the law, in the context of challenging a municipality's decision as to zoning. Id. at 1572. See also Church of Jesus Christ of Latter-Day Saints v.Jefferson County, Ala., 721 F. Supp. 1212 (N.D.Ala. 1989); Smithv. City of Gardendale, 508 So.2d 250 (Ala. 1987). A zoning authority's action in a particular case may be arbitrary and capricious if it bears no substantial relationship to the objects of the police power. BP Oil Co. v. Jefferson County,571 So.2d 1026, 1028 (Ala. 1990).
The circuit court held as a matter of law that the City had not acted arbitrarily or capriciously in applying this R-D ordinance to the Brattons and in denying their application. *Page 235 
When reviewing a summary judgment, this Court determines whether there was a genuine issue of material fact and, if not, whether the summary judgment movant was entitled to a judgment as a matter of law. Ala. R. Civ. P. Rule 56(c).
There are disputed facts regarding the treatment of the Brattons' initial application for a building permit. For the purposes of this review, the evidence is viewed in the light most favorable to the nonmovants, the Brattons. Dothard v.Alabama State Department of Human Resources, 613 So.2d 353, 356
(Ala. 1993). Supporting their allegation by the deposition testimony of Kenneth McAfee, a building official for the City of Florence, the Brattons allege that City Councilman Jordan took steps to delay action on their permit until the zoning of the area in question could be changed from R-2 to R-D. In fact, Jordan admits that he had a conversation with McAfee about delaying the Brattons' application pending enactment of the R-D ordinance. This evidence could support a finding of arbitrariness and capriciousness, and thus constitutes substantial evidence in opposition to the City's motion for summary judgment.
Other assertions by the Brattons similarly demonstrate that the City was not entitled to a judgment as a matter of law. For instance, there is evidence that the Planning Commission issued a permit for an apartment complex in the R-D zone that was to be not only much larger than the Brattons' proposed development, but also located in the immediate vicinity. This approval took place while the R-D zone was in effect.
Also, the record shows that another proposal, by a Mr. Smith, was approved for development before the R-D zone went into effect. The record is not clear as to whether Smith's application was submitted before the Brattons' application, but Smith's application was not delayed until the R-D zoning ordinance was enacted. This fact could support an inference that actions were taken to delay the Brattons' approval while no action was taken to delay Smith's approval; such a finding would indicate discriminatory treatment of the Brattons.
The Brattons should have an opportunity to convince a factfinder that this set of circumstances shows arbitrary and capricious treatment by the City. The larger development was located near the Brattons' proposed development, and there is no showing of Planning Commission criteria that could be used to distinguish between the two developments. These facts could cause a factfinder to find that the City's proffered reasons for denying the Brattons' permit were in large part pretextual. If this were the finding, a factfinder could view this as evidence that the Brattons were discriminated against, in violation of their right to equal protection of the law. A governing body may not apply a law dissimilarly to people who are similarly situated. Swann v. City of Graysville,367 So.2d 952, 954 (Ala. 1979). Swann involved the disparate application of a city ordinance banning the sale of alcoholic beverages within 500 feet of a church, school, park, or playground. Id.
at 953. This Court held that the issuance of alcohol sales permits to other licensees while denying such a permit to Mrs. Swann violated her right to equal protection of the law. Id. at 954.
The issue of arbitrary and capricious treatment is implicated in at least two instances in this case. The City could be found to have acted arbitrarily and capriciously if it is found to have wrongfully delayed consideration of the Brattons' pending building permit for the purpose of enacting the R-D ordinance so it could then deny the Brattons permission to build their proposed apartment complex. Furthermore, if the City of Florence is enforcing its zoning ordinance in a manner that allows approval of a 30-unit apartment complex while a similar development of one-fourth that size is denied approval, with no articulable basis for the disparate treatment, then the Brattons could recover under their § 1983 claim on the ground that the conduct bears no substantial relationship to the objects of the police power. Even assuming that the stated goals of the R-D ordinance are valid objects of the City's police power, the individual decisions of the Planning Commission are still subject to judicial scrutiny and must conform to those goals. The Brattons presented substantial evidence creating genuine issues of *Page 236 
material fact. Thus, the City was not entitled to a judgment as a matter of law. The judgment is reversed.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, KENNEDY, and COOK, JJ., concur.