Shirley Squires and Ronald Squires sued the City of Saraland and the City of Saraland Board of Adjustments, claiming selective enforcement of a zoning ordinance. The trial court entered judgment in favor of the defendants. The Squireses appealed to the Court of Civil Appeals, raising three issues: "(1) whether the City was equitably estopped from enforcing its zoning ordinance; (2) whether the City's zoning ordinance is unconstitutional as applied to the Squireses; and (3) whether the City's zoning ordinance may properly be applied to `day care homes' as defined in the Child Care Act." The Court of Civil Appeals affirmed the trial court's judgment. Squires v. Cityof Saraland, 960 So.2d 651 (Ala.Civ.App. 2005). This Court granted certiorari review as to the second *Page 663 
issue only — whether the City's zoning ordinance is unconstitutional as applied to the Squireses. We reverse the judgment of the Court of Civil Appeals as to that issue.
 I. Facts and Procedural History
Shirley Squires and her husband, Ronald Squires, live in the City of Saraland. Their house is located in a district zoned "R-1," or residential. A zoning ordinance of the City requires residents of an R-1 district to obtain a "special exception" from the City of Saraland Board of Adjustments ("the Board") before operating certain home businesses, including day-care facilities.
After having worked in a hospital for 23 years, Shirley Squires decided to change careers and operate a day-care facility for children out of her home. She telephoned the City to obtain a business license for a day-care facility. She was referred to Victor Platt, the City's building inspector and zoning-enforcement officer. Platt referred Shirley to the city clerk to obtain a business license. The Squireses applied for a business license to operate a day-care facility, and the City issued it in February 2000.
The Squireses also obtained a two-year license from the State Department of Human Resources ("DHR") to operate a day-care facility, pursuant to the Child Care Act of 1971, § 38-7-1
et seq., Ala. Code 1975.
The City began receiving complaints about increased traffic, noise, and trash related to the Squireses day-care facility. The city attorney sent the Squireses a letter stating that they needed to obtain permission from the Board to operate the day-care facility. In response, Shirley Squires submitted an application for a special exception from the zoning ordinance to operate the day-care facility in an R-1 district. The Board held a meeting in August 2002 and declined to grant Shirley Squires's application for a special exception.
Platt testified at trial that since he started working as a zoning-enforcement officer for the City in 1991, the City had never actually enforced the requirement in the ordinance that those seeking to operate a business in an R-1 district obtain a special exception from the Board. Platt also identified several similarly situated businesses in several zoning districts that ostensibly should have required special exceptions from the Board to operate that were nonetheless licensed and operating in those zoning districts without a special exception. In the Squireses' neighborhood, those businesses included other day-care facilities and other businesses.
The Squireses sued the City and the Board seeking injunctive relief. They alleged that the City had unlawfully refused to allow them to operate their day-care facility because the Board had not granted them a special exception. Among other things, the Squireses claimed that the City's refusal to grant them a special exception under the zoning ordinance was "arbitrary and capricious and amount[ed] to selective enforcement of the ordinance against them."
The trial court found in favor of the City and the Board. The Squireses appealed; the Court of Civil Appeals affirmed the trial court's judgment, holding that the trial court was barred from determining the constitutionality of the zoning ordinance as applied to Shirley Squires's day-care facility because the Squireses had failed to serve the attorney general with a copy of their complaint pursuant to § 6-6-227, Ala. Code 1975. The Squireses now appeal the decision of the Court of Civil Appeals. *Page 664 
 II. Issue
The issue in this case is whether § 6-6-227, Ala. Code 1975, which provides that a party challenging the constitutionality of a municipal ordinance must serve the attorney general with a copy of the proceeding, requires the party to serve the attorney general with a copy of the proceeding when the party is challenging the constitutionality of the enforcement of the ordinance.
 III. Standard of Review
As the Court of Civil Appeals noted in its opinion in this case:
 "The standard of review set forth in Ex parte Board of Zoning Adjustment of Mobile, 636 So.2d 415, 417 (Ala. 1994), governs:
 "`The trial court heard this case without a jury. Where evidence is presented to the trial court ore tenus, the court's findings of fact are presumed correct; its findings will not be disturbed except for a plain and palpable abuse of discretion. Marvin's, Inc. v. Robertson, 608 So.2d 391
(Ala. 1992); City of Bridgeport v. Citizens Action Committee, 571 So.2d 1089 (Ala. 1990). The judgment of the trial court based on ore tenus evidence in a nonjury case is presumed to be correct; however, that presumption has no application when the trial court is shown to have improperly applied the law to the facts. Marvin's, Inc., supra; Richard Brown Auction Real Estate, Inc. v. Brown, 583 So.2d 1313 (Ala. 1991); Smith v. Style Advertising, Inc., 470 So.2d 1194
(Ala. 1985).'"
960 So.2d at 656.
 IV. Analysis
Section 6-6-227, Ala. Code 1975, provides:
 "In any proceeding which involves the validity of a municipal ordinance, or franchise, such municipality shall be made a party and shall be entitled to be heard; and if the statute, ordinance, or franchise is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the proceeding and be entitled to be heard."
The plain language of § 6-6-227 requires that the attorney general be given notice of any proceeding in which a "statute, ordinance, or franchise is alleged to be unconstitutional." This Court addressed the applicability of § 6-6-227 to actions challenging the constitutionality of the enforcement of actions of government officials in Bratton v. City of Florence,688 So.2d 233 (Ala. 1996). In that case, the Brattons made two claims. First, they challenged the constitutionality of a zoning ordinance that allegedly gave the Planning Commission for the City of Florence "unbridled discretion to approve or disapprove projects." Bratton, 688 So.2d at 234. Second, they argued that the City of Florence violated their right to equal protection by arbitrarily and capriciously denying them a building permit. Because the attorney general was not served with a copy of the proceeding, this Court held that the Brattons' first claim was not properly before this Court because the Brattons had failed to comply with the service requirement of § 6-6-227. However, this Court held that the Brattons' second claim, i.e., that the Planning Commission had exercised its discretion in an arbitrary, capricious, or discriminatory manner, was properly before the Court. The difference between the Brattons' two claims was that the first claim challenged the constitutionality of the zoning ordinance itself, while the second challenged the Planning Commission's enforcement of the zoning ordinance. Thus, this Court made clear that § 6-6-227
does not apply *Page 665 
to an action challenging a government actor's enforcement of an ordinance.
Similarly, in Mobile County Department of Human Resources v.Mims, 666 So.2d 22 (Ala.Civ.App. 1995), the Court of Civil Appeals held that there was "no requirement that the Attorney General's office be served in order for the trial court to acquire jurisdiction" in a case where "[t]he gravamen of th[e] action concerned the actions of officials in interpreting and enforcing the statute and regulations, not the constitutionality of the statutes or regulations themselves." 666 So.2d at 26.
Like Bratton and Mobile County Department of HumanResources, the present case challenges the constitutionality of the government officials' enforcement of the zoning ordinance; it does not challenge the constitutionality of the ordinance itself. Consequently, notice to the attorney general is not a prerequisite to the Squireses' prosecution of their claim. The Court of Civil Appeals therefore erred in holding that § 6-6-227 precludes the Squireses from proceeding with their action because they failed to serve the attorney general with a copy of the proceeding.
The Court of Civil Appeals cited three cases in support of its assertion that § 6-6-227, Ala. Code 1975, applies to a party challenging the enforcement of a statute or an ordinance. It first cited Ex parte Northport Health Service, Inc.,682 So.2d 52, 54 (Ala. 1996), in which this Court declared void the trial court's order sua sponte determining that §6-5-551, Ala. Code 1975, a part of the Alabama Medical Liability Act of 1987, was unconstitutional because the attorney general had not been served pursuant to § 6-6-227. The issue in that case was the constitutionality of the statute, not the legality of the enforcement of the statute; thus, § 6-6-227 properly applied.
The Court of Civil Appeals also cited City of Russellvillev. Wilson, 591 So.2d 523 (Ala.Civ.App. 1991), in which the Court of Civil Appeals noted that "the trial court may have found the section unconstitutional as applied to [the plaintiff]." However, the Court of Civil Appeals dismissed the plaintiffs appeal on the basis that the trial court lacked jurisdiction to enter a judgment because the plaintiff "challenge[d] the constitutionality of a state statute and fail[ed] to serve the attorney general." 591 So.2d at 524. The present case is distinguishable because the Squireses do not challenge the constitutionality of the ordinance itself, only the enforcement of the ordinance.
Finally, the Court of Civil Appeals cited Landers v. O'NealSteel, Inc., 564 So.2d 925 (Ala. 1990), in which this Court granted the attorney general's motion to strike a constitutional challenge to a Workers' Compensation Act provision because the plaintiff failed to serve the attorney general with notice of the complaint. At issue in Landers, however, was the constitutionality of a statute that failed to provide a remedy for the death of an employee with no dependants. Like the other two cases cited by the Court of Civil Appeals, Landers
is distinguishable from this case because it challenged the constitutionality of the statute itself, not how the statute was being enforced.
 V. Conclusion
The Squireses were not required to serve the attorney general in order to challenge the alleged arbitrary enforcement of the City's zoning ordinance. Therefore, we reverse the judgment of the Court of Civil Appeals and remand the cause. Because the Court of Civil Appeals "affirm[ed] the trial court's judgment without reaching the issue whether the City is guilty of discriminatory selective enforcement," 960 So.2d at 660, we remand this *Page 666 
case to the Court of Civil Appeals for further review consistent with this opinion.
REVERSED AND REMANDED.
NABERS, C.J., and LYONS, HARWOOD, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.