Michael Barry, doing business as Michael Barry Properties, Inc. (hereinafter "Barry"), appeals from a final judgment dismissing his action against The D.M. Drennen and Emma Houston Drennen and Drennen Memorial Trust of Saint Mary's Church (hereinafter "the Trust"), Saint Mary's-on-the-Highlands Episcopal Church (hereinafter "the Church"), Rubaiyat Trading Company, Ltd. (hereinafter "Rubaiyat"), the City of Birmingham (hereinafter "the City"), and the following individuals in their official capacities as members of the City Council of the City of Birmingham: Carol Smitherman, Miriam Witherspoon, [1] Joel Montgomery, Carol Reynolds, Valerie Abbott, Maxine Parker, William Bell, Steven Hoyt, and Roderick Royal. We affirm in part, reverse in part, and remand.
 I. Factual Background and Procedural History
This case involves the vacation of the 20-foot-wide alley running north and south from 12th Avenue South to 11th Avenue South of block 770 in Birmingham (hereinafter "the alley"). The Trust, the Church, and Rubaiyat each own property abutting the alley, and on or about February 18, 2005, they executed a declaration of vacation as to the alley. The vacation of the alley was approved by the City Council of the City of Birmingham by the adoption of resolution no. 1131-05 on May 31, 2005. The resolution states that the Trust, the Church, and Rubaiyat are the "owner[s] of all lands abutting the portion of public ways or ways hereinafter declared vacated."
On August 10, 2006, Barry filed an action seeking a judgment declaring that the vacation of the alley is void because of "the City's failure to strictly comply with the applicable law." Barry alleges that he owns property on 13th Avenue South in Birmingham that is "adjacent and in close *Page 480 
proximity" to the alley and that he has "an easement for ingress and egress of handicap [sic] persons that has existed and been used for more than 20 years and that abuts the alley."
The Trust, the Church, Rubaiyat, the City, and the City Council members filed motions to dismiss or, in the alternative, for a summary judgment.[2] They argued that Barry's action was time-barred under § 23-4-5, Ala. Code 1975, which requires that an appeal of a vacation order be filed within 30 days of the decision of the governing body vacating the street or alley. Barry then filed a request for the production of the City's files relating to the vacation of the alley. Barry, through an affidavit of counsel, asserted pursuant to Rule 56(f), Ala. R. Civ. P., that the necessity for further discovery precluded disposition of the defendants' motions insofar as they sought a summary judgment. Barry also filed an affidavit attempting to establish his status as an abutting landowner. The trial court granted the motions to dismiss on the basis that the appeal to that court was untimely because it had not been filed within 30 days of the City's decision vacating the alley. Barry now appeals the trial court's decision to this Court.
 II. Standard of Review "In Nance v. Matthews, 622 So.2d 297, 299
(Ala. 1993), this Court set forth the standard of review applicable to an order granting a motion to dismiss:
 "`The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle her to relief. In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether she may possibly prevail. We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.'"
Beckerle v. Moore, 909 So.2d 185, 186-87 (Ala. 2005) (citations omitted).
 III. Analysis
The dispositive issue presented is whether the trial court erred in dismissing Barry's action based on its conclusion that Barry's claim is time-barred under § 23-4-5, Ala. Code 1975.
 A. Jurisdiction
The Trust, the Church, Rubaiyat, the City, and the City Council members argue that this Court lacks jurisdiction over Barry's constitutional challenge to the "ordinance" because Barry failed to serve the attorney general with a copy of the proceeding as required by § 6-6-227, Ala. Code 1975.[3] In pertinent part, § 6-5-227 states that "[i]n any proceeding which involves the validity of a municipal ordinance, or franchise, . . . if the statute, ordinance, or franchise is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the proceeding and be entitled to be heard." Barry argues that he was not required to serve the attorney general because *Page 481 
he does not allege that the vacation resolution, resolution no. 1131-05, is unconstitutional. Instead, Barry contends that the trial court's application of the 30-day appeal provision in § 23-4-5 to dismiss his action resulted in a denial of his constitutional right to due process.
This Court has clearly stated that § 6-6-227 does not apply to an action challenging the enforcement of a statute or an ordinance. Ex parte Squires, 960 So.2d 661 (Ala. 2006) (citing Bratton v. City of Florence, 688 So.2d 233
(Ala. 1996)). Furthermore, the Court of Civil Appeals accurately held that the attorney general need not be served when "[t]he gravamen of th[e] action concerned the actions of officials in interpreting and enforcing the statute and regulations, not the constitutionality of the statutes or regulations themselves."Mobile County Dep't of Human Res. v. Mims,666 So.2d 22, 26 (Ala.Civ.App. 1995). Because Barry is not challenging the constitutionality of a statute, ordinance, or regulation itself, Barry was not required to serve the attorney general with his complaint in this matter, and, thus, this Court has jurisdiction over Barry's claim.
 B. Notice Requirements
The Alabama Code provides that an alley can be vacated either (1) by a county or municipality, § 23-4-2, Ala. Code 1975, or (2) by the landowners abutting the subject alley, § 23-4-20, Ala. Code 1975. Specifically, §§ 23-4-2 and 23-4-5 apply when a county or municipality instigates the vacation of an alley, and § 23-4-20 applies when abutting landowners instigate the vacation. However, § 23-4-20 expressly incorporates the notice, hearing, voting, and appeal procedures set forth in §§ 23-4-2 and 23-4-5. Section 23-4-20 provides:
 "(a) Subject to the conditions set out in this subsection, any street or alley may be vacated, in whole or in part, by the owner or owners of the land abutting the street or alley or abutting that portion of the street or alley desired to be vacated by following the procedures set out herein. The owner or owners of the land abutting the street or alley to be vacated shall join in a written petition requesting that the street or alley be vacated and shall file the petition with the governing body with jurisdiction over the street or alley, or portion thereof, requesting the governing body's approval of the vacation. Following receipt of the written request for assent, the governing body shall act upon the request applying the same notice, hearing, voting, and appeal procedures as set forth in Sections 23-4-2 and 23-4-5, and if the governing body approves the vacation, it shall have the same effect as provided therein, including that the vacation shall not deprive other property owners of any right they may have to convenient and reasonable means of ingress and egress to and from their property, and if that right is not afforded by the remaining streets and alleys, another street or alley affording that right must be dedicated.
 "(b) The provisions of this section shall not be held to repeal any existing statute relating to the vacation of roads, streets, or alleys, or parts thereof, and shall not be held to limit or expand any civil causes of action available under the law."
(Emphasis added.)
Section 23-4-2(a) provides:
 "Whenever the governing body of a municipality or county proposes to vacate a public street, alley, or highway, or portion thereof, the governing body shall schedule a public hearing prior to taking final action and shall publish notice of the proposed hearing on the vacation in *Page 482 a newspaper of general circulation in the portion of the county where the street, alley, or highway lies once a week for four consecutive weeks in the county prior to deciding the issue at a regularly scheduled meeting of the governing body. A copy of the notice shall be posted on a bulletin board at the county courthouse and shall also be served by U.S. mail at least 30 days prior to the scheduled meeting on any abutting owner and on any entity known to have facilities or equipment such as utility lines, both aerial or buried, within the public right-of-way of the street, alley, or highway to be vacated. . . ."
(Emphasis added.)
 C. Whether Dismissal of the Complaint for Untimeliness Was Appropriate
Section 23-4-5(a) provides that "[a]ny party affected by the vacation of a street, alley, or highway pursuant to this chapter may appeal within 30 days of the decision of the governing body vacating the street to the circuit court of the county in which the lands are situated." The Trust, the Church, Rubaiyat, the City, and the City Council members rely on § 23-4-5 to argue that Barry's complaint is time-barred because Barry failed to file his complaint challenging the vacation of the alley within 30 days of the City's approval of the vacation. Barry contends that application to him of the 30-day limitation in an appeal from the decision vacating the alley is a denial of due process and that he has "a right to have a declaration of the rights of the parties in and to the alley" under § 23-4-20(b).[4]
(Barry's brief, at 21.) Barry contends that he is an abutting landowner and, therefore, that he was entitled to notice by United States mail pursuant to § 23-4-2.
Because there was a prohibition against vacation of a public road at common law, statutes authorizing such a vacation are in derogation of the common law and therefore must be strictly construed. Holland v. City of Alabaster,624 So.2d 1376, 1378 (Ala. 1993); Bownes v. Winston County,481 So.2d 362 (Ala. 1985). Applying this principle, we conclude that the 30-day appeal limitation in § 23-4-5 cannot be applied to an abutting landowner who never received the notice required by § 23-4-2 to be given to abutting landowners by United States mail.
Barry alleged in his complaint that his property is adjacent to the alley. The Trust, the Church, Rubaiyat, the City, and the individual council members, however, contend that Barry is not an abutting land-owner. The Trust and the Church, in their response to Barry's Rule 59, Ala. R. Civ. P., motion to alter, amend, or vacate the judgment of dismissal and in support of their motion to strike Barry's second amended complaint, attached a tax map purporting to show that Barry's property does not abut the alley. As previously noted, Barry attempted before the ruling on the motions to dismiss to obtain a continuance of the hearing on those motions on the basis that he had had inadequate time to conduct discovery. Barry also filed an affidavit attempting to establish his status as an abutting owner by adverse possession.
Use of materials beyond the allegations in a complaint to support a motion to dismiss, as a general rule, converts the motion to dismiss into a motion for a summary judgment.Dobbs Sons, Inc. v. *Page 483 Northcutt, 819 So.2d 607, 609 (Ala. 2001) ("Dobbs's attaching exhibits to its motion to dismiss effectively converted it to a summary judgment motion."); see alsoDonoghue v. American Nat'l Ins. Co., 838 So.2d 1032,1035 (Ala. 2002) ("In general, exhibits provided in support of motions to dismiss under Rule 12(b)(6) are considered `matters outside the pleading' and effectively convert the motion into a motion for a summary judgment. Ala. R. Civ. P. 12(b).");Wesson v. McCleave, Roberts, Shields Green, P.C.,810 So.2d 652, 656 (Ala. 2001) (stating that conversion of a motion to dismiss to a motion for a summary judgment under Rule 12(b) occurs "`regardless of what the motion has been called or how it was treated by the trial court'" (quoting Hornsby v.Sessions, 703 So.2d 932, 937-38 (Ala. 1997))).
The Trust, the Church, and Rubaiyat rely on Newson v.Protective Industrial Insurance Co. of Alabama,890 So.2d 81 (Ala. 2003), in which this Court recognized an exception to the rule precluding reliance upon matters beyond the face of the complaint in disposing of a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In Newson, we stated:
 "The exception is that `"`if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.'"' Donoghue v. American Nat'l Ins. Co., 838 So.2d 1032, 1035 (Ala. 2002) (citations omitted) (quoting Wilson v. First Union Nat'l Bank of Georgia, 716 So.2d 722, 726 (Ala.Civ.App. 1998), quoting in turn GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384-85 (10th Cir. 1997))."
890 So.2d at 83-84. The tax map, which purportedly defeats Barry's status as an abutting landowner, is not referred to in the complaint and is not central to the plaintiff's claim, as was a provision in the insurance policy made the basis of the action in Newson. The map does not fall within the recognized exception.
As this Court stated in Patton v. Black, 646 So.2d 8,10 (Ala. 1994), in reviewing a motion to dismiss: "It is not for this court to determine, based on the complaint, whether the plaintiff will ultimately prevail, but only if he may possibly prevail." After reviewing the allegations in Barry's complaint and construing them in his favor, we conclude that it is conceivable that Barry could prove that he is an abutting landowner and, therefore, that he was entitled to the statutory notice of the hearing on the proposed vacation of the alley required by § 23-4-2. The fact that two of the defendants — the Trust and the Church — deemed it necessary to resort to evidentiary materials after an order had been entered granting their motion to dismiss is sufficient indicia that the trial court erred in not granting Barry's request for a continuance and in failing to dispose of the matter under Rule 56, Ala. R. Civ. P. Consequently, we cannot affirm the trial court's dismissal based on the failure to appeal within the time prescribed by § 23-4-5(a); the trial court improperly dismissed the action on the basis that Barry's appeal to the trial court was untimely.[5] *Page 484 
 D. Whether Dismissal Was Appropriate as to the City Council Members
The members of the City Council argue that they are immune from Barry's action because the complaint names them as defendants in their official capacities and not in their individual capacities. Barry concedes in his reply brief that the members of the City Council are entitled to be dismissed from this action. Therefore, we affirm the trial court's judgment insofar as it dismisses the members of the City Council, who were sued in their official capacities only.
 IV. Conclusion
The trial court's order dismissing the action as to the Trust, the Church, Rubaiyat, and the City was premature; a fact-intensive analysis is required to determine whether the vacation procedures set forth in § 23-4-2 were complied with. We therefore reverse the judgment of the trial court insofar as it dismisses the action against the Trust, the Church, Rubaiyat, and the City. We affirm the trial court's judgment insofar as it dismisses the action against the members of the City Council: Carol Smitherman, Miriam Witherspoon, Joel Montgomery, Carol Reynolds, Valerie Abbott, Maxine Parker, William Bell, Steven Hoyt, and Roderick Royal. We remand the case for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
COBB, C.J., and STUART, BOLIN, and MURDOCK, JJ., concur.
[1] On the complaint a line was drawn through the name "Witherspoon" and "Walker" was written in its place. We are unable to determine who made this change. The request for service in the complaint refers to "Miriam Walker." However, the motion to dismiss by the City and the City Council members refers only to "Miriam Witherspoon."
[2] Three motions were filed: The Trust and the Church filed one motion; Rubaiyat filed a motion; and the City and the individual council members filed a motion.
[3] We are unsure what "ordinance" the appellees are referring to because there is no ordinance at issue in this case. Section 6-6-227, Ala. Code 1975, applies only to statutes, ordinances, and franchises. We assume that they are arguing that resolution no. 1131-05, vacating the alley, is an ordinance for purposes of § 6-6-227.
[4] We need not decide whether Barry's remedy would be foreclosed absent the savings clause of § 23-4-20(b).
[5] In view of our holding, we do not reach the question whether, assuming Barry is not an abutting landowner, relief might be justified for failure to comply with the other notice requirements of § 23-4-2, i.e., publication in a newspaper and posting at the county court-house.