DONALDSON, Judge,
concurring in part and dissenting in part.
I concur with Parts I, II, and III of the main opinion. I do not believe D.W. adequately raised a claim that his constitutional rights were being deprived in the probate court; therefore, I respectfully dissent as to Part IV of the main opinion.
I note initially that D.W. did not serve the attorney general of this state with any pleading challenging the constitutionality of any statute as required by § 6-6-227, Ala.Code 1975. D.W. claims that he was not required to do so because the “crux of his constitutional argument is that the Probate Court has unconstitutionally deprived him of his fundamental constitutional rights to - be a. parent to his son.” This argument neither addresses the requirements of § 6-6-227 nor presents a legally coherent argument as to why compliance with that statute was not required in this case. D.W. does not argue to us that he was challenging any statute only as applied to him and therefore did not need to serve the attorney general. See, e.g., Bratton v. City of Florence, 688 So.2d 233 (Ala.1996) (discussing an exception to the mandatory requirement of § 6-6-227). Therefore, to the. extent D.W. challenges the constitutionality of any statute, he is procedurally barred from doing so.
In addition, the probate court’s judgment cannot be reversed for the failure to do something the probate court was never asked to do. “[An appellate court] is limited to a review of the record alone, and an issue not reflected in the record as having been raised in the trial court cannot be raised for the first time on appeal.” Totten v. Lighting & Supply, Inc., 507 So.2d 502, 503 (Ala.1987)(citing Mobile Wrecker Owners Ass’n v. City of Mobile, 461 So.2d 1303 (Ala.1984)). “It is a fundamental rule of appellate procedure that, regardless of merits of appellant’s contentions, appellate courts will not review questions not decided by the trial court.” Bevill v. Owen, 364 So.2d 1201, 1203 (Ala.1979). At the conclusion of the trial, D.W.’s counsel argued that the facts supported a finding of a common-law marriage and, over an objection from counsel for J.W.B. and, J.J.B., presented vague, nonspecific arguments that D.W.’s constitutional rights would be violated if he was not the child’s presumed father based on his claim to be J.B.’s common-law spouse. For example, D.W.’s counsel argued: .
“But I would like to make the argument that under the Fourteenth Amendment, under these facts where you have a father who has supported the mother and the child, has been a responsible father, even if Your Honor finds that he is not a common law spouse, to deprive him of his fundamental right of parentage would violate the Fourteenth Amendment, due process clause. It would violate the Fourteenth Amendment, privileges and immunities clause—as the state statute would apply to the facts of this case, and also would violate the Fourteenth Amendment equal protection clause.”
*783 Although D.W.’s counsel continued to discuss generalized and nonspecific constitutional protections, the probate court was never asked to address or rule on the constitutionality of any specific statute or legal principle or to grant any specific relief to D.W.
“In order for an appellate court to review a constitutional issue, that issue must have been raised by the appellant and presented to and reviewed by the trial court .... Additionally, in order to challenge the constitutionality of a statute, an appellant must identify and make specific arguments regarding what specific rights it claims have been violated.”
Alabama Power Co. v. Turner, 575 So.2d 551, 553 (Ala.1991).
I believe that D.W. was required to specifically identify what state statute or legal principle being applied by the probate court infringed upon a specific constitutional right and to ask for specific relief from the probate court. Because I find the requests made by D.W.’s counsel too vague and unspecified for purposes of appellate review, I would affirm the probate court’s judgment in its entirety.
THOMPSON, P.J., concurs.