THOMPSON, Presiding Judge.
Christopher E. Rose appeals from a judgment of the Pike Circuit Court *27 (“the trial court”) enforcing a mediation agreement reached between Rose and defendants Interstate Oil Company, Inc. (“Interstate Oil”), and the Alabama Underground and Aboveground Storage Tank Trust Fund (“the trust fund”).
The record indicates the following. Rose owns property adjacent to a convenience store/gasoline station known as Purple Cow Store # 821 (“the Purple Cow”). Interstate Oil furnishes and stores fuel in underground storage tanks at the Purple Cow. In December 2011, the Alabama Department of Environmental Management notified Rose that petroleum products— specifically, gasoline — had leaked from the underground storage tanks at the Purple Cow. Subsequent testing of Rose’s property indicated that it had been contaminated by the leaking gasoline.
On March 19, 2013, Rose filed a civil action against Interstate Oil and the trust fund.[1] In his complaint, Rose asserted claims of negligence, wantonness, trespass, nuisance, and strict liability, and he sought damages for the diminution of the value of his property as a result of its contamination by the gasoline leaking from the underground storage tanks at the Purple Cow.
The parties mediated the claims, and on January 30, 2015, Rose, his attorneys, and the attorneys for Interstate Oil and the trust fund signed a mediation agreement. The agreement provided, among other things, that Interstate Oil and the trust fund would pay Rose $100,000 “in full and final settlement of all issues being asserted or which might have been asserted between the parties in this matter.” The agreement stated that the parties understood that the settlement “is by law subject to the final approval of the Attorney General.” The final term of the agreement provided;
“[Rose] and the holder of the mortgage on the real estate made the basis of litigation shall each execute a full and final complete release discharging [Interstate Oil and the trust fund] from any and all claims being asserted in this matter. [Rose] and [Interstate Oil and the trust fund] agree to execute such other formal settlement documents as may be necessary to finally conclude this matter.”
On August 13, 2015, the trust fund filed a motion to enforce the mediation agreement and/or a motion for a judgment on the pleadings. In its motion, the trust fund asserted that, although Interstate Oil and the trust fund had been ready, willing, and able to fulfill the agreement, Rose “has refused to present the settlement and release to the Mortgagee for his consent and approval.”
Rose filed a response in opposition to the motion to enforce the agreement in which he asserted that the mortgage holder “has refused and continues to refuse to execute such a release.” In support of his contention that the mediation agreement was not enforceable, Rose stated:
“There was no meeting of the minds as to the settlement of this case. The settlement is conditioned on the approval of a non-party to this litigation and the settlement agreement. With the mortgage holder’s consent absent, the settlement agreement is a [sic] illusory, void for vagueness, and lacks the required ‘mutual meetings of the minds.’ ”
Furthermore, Rose argued, the motion for a judgment on the pleadings should properly be treated as a motion for a summary judgment because, he said, matters outside *28 the pleadings had been presented to the trial court in support of the trust fund’s motion. Rose argued that the trust fund had not met its burden under Rule 56, Ala. R. Civ. P., to show that Rose could not recover under any discernible set of circumstances and to show the absence of a genuine issue of a material fact.
After a hearing on the matter[2] and after consideration of the pleadings, motions, and evidentiary submissions before it, the trial court entered a judgment on September 9, 2015, finding that the parties had properly entered into a settlement that disposed of all the issues in the matter and that the mediation agreement was binding on the parties. Accordingly, the trial court ordered that the parties complete the terms of the agreement.
Rose, now acting pro se, appealed the judgment to this court, which transferred the matter to the Alabama Supreme Court for lack of subject-matter jurisdiction. The supreme court transferred the matter back to this court pursuant to § 12-2-7(6), Ala.Code 1975.[3]
On appeal, Rose again contends that the trust fund’s motion for a judgment on the pleadings should have been treated as a motion for a summary judgment because the trial court considered evidentia-ry submissions that contained documents other than the pleadings.
Rule 12(c), Ala. R. Civ. P., states in part: “If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, [Ala. R. Civ. P.,] and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.”
See also Regions Bank v. BP P.L.C., 200 So.3d 1, 3 (Ala.2016)(Ordinarily, consideration by the court of materials outside the pleadings converts a motion for a judgment on the pleadings into a motion for a summary judgment.).
In its motion to enforce the mediation agreement or, in the alternative, for a judgment on the pleadings, the trust fund attached the agreement, a copy of the mortgage Rose executed, and copy of the assignment of that mortgage to Glenn H. Bracewell. Rose also attached a copy of the mediation agreement to his opposition to the trust fund’s motion. In the judgment ordering enforcement of the mediation agreement, the trial court explicitly stated that it had considered the evidentia-ry submissions of the parties. Therefore, the trust fund’s motion was properly a motion for a summary judgment.
“Our standard of review of a summary judgment is well settled:
“ ‘ “The standard of review applicable to a summary judgment is the same as the standard for granting the motion.... ” McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957, 958 (Ala.1992).
“ ‘ “A summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. The burden is on the moving party to make a prima facie showing that there is no genuine *29 issue of material fact and that it is entitled to a judgment as a matter of law.. In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmov-ing party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party must present ‘substantial evidence’ creating a genuine issue of material fact — ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ Ala. Code 1975, § 12-21-12; West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).”
“‘Capital Alliance Ins. Co. v. Thorough-Clean, Inc., 639 So.2d 1349, 1350 (Ala.1994). Questions of law are reviewed de novo. Alabama Republican Party v. McGinley, 893 So.2d 337, 342 (Ala.2004).’
“Pritchett v. ICN Med. Alliance, Inc., 938 So.2d 933, 935 (Ala.2006).”
Smith v. Fisher, 143 So.3d 110, 122-23 (Ala.2013).
As mentioned, in its motion seeking to have the trial court enforce the mediation agreement, the trust fund claimed that Rose “refused to present the settlement and release to the Mortgagee for his consent and approval.” However, the trust fund offered no evidence to support its claim. Similarly, in his opposition to the motion, Rose claimed that the mortgage holder refused to sign the release, and, therefore, he says, the mediation agreement cannot be enforced. However, like the trust fund, Rose also failed to submit evidence to support his claim. We note that it is well settled that statements of counsel in a pleading or a brief are not evidence. State Dep’t of Revenue v. Wells Fargo Fin. Acceptance Alabama, Inc., 19 So.3d 892, 897 (Ala.Civ.App.2008).
Rose argues that a genuine issue of material fact exists as to why the mortgage holder has not yet signed the release. No party presented evidence to support the assertions as to why the release has not yet been signed. The only evidence before the trial court was an assertion that an agreed-upon term of the mediation agreement has not yet been completed. There is no evidence as to why that requirement has not been satisfied. The record also fails to contain a legal argument regarding the effect that the failure of the mortgage holder to fulfill that requirement has on the enforceability of the mediation agreement. Additionally, no such argument is made in the parties’ appellate briefs.
As the parties moving for a judgment on the pleadings or, more properly, a summary judgment, Interstate Oil and the trust fund had the burden of demonstrating that no genuine issues of material fact existed and that they were entitled to a judgment as a matter of law. Smith, 143 So.3d at 122-23; Rule 56(c)(3), Ala. R. Civ. P. Based on the record before us, we conclude that they have failed to meet either prong of that burden. Accordingly, a summary judgment in their favor was not appropriate at this point in the litigation.
Based on the record on appeal and the arguments of the parties, we reverse the judgment and remand this cause to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. Rose also named Slidell Oil Company, LLC, as a defendant in the civil action; however, that entity was dismissed during the course of the litigation and is no longer a party in the case.

, There is no transcript of the hearing available, and the parties did not file a statement of the proceedings as permitted by Rule 10(d), Ala. R. Civ. P.

. The trust fund submitted a brief on appeal. Interstate Oil filed a notice that it joined in the trust fund's brief. For ease of reading, we will refer to the trust fund's brief and arguments, but with the recognition that Interstate Oil has joined in those arguments.